## 46226. HILL et al. v. GREENE.

EBERHARDT, Judge. On November 22, 1967, Mr. and Mrs. Hill were in an automobile accident with a truck of Harriman Oil Company in Tennessee, resulting in damage to his automobile and personal injury to her. In February, 1968, they employed a Cartersville attorney, James Greene, to represent them. After negotiations in July, 1968, the insurance carrier for Harriman offered to settle by paying $562.39 as damages to the car and $300 for Mrs. Hill's personal injury. Mr. Greene submitted the offer to the Hills and they agreed to accept, whereupon Mr. Greene notified the insurance company and asked for releases and draft to cover. Releases were sent to him and upon receipt of them August 29, 1968, he notified the Hills to come in and sign them. They did not, and delayed the matter for several months, eventually expressed dissatisfaction with the amount, and refused to sign the releases. Mr. Greene then sought to associate counsel in Tennessee for the filing of suit on the claims, and learned from the attorney whom he approached that Mrs. Hill's personal injury claim had been barred by a one-year statute of limitation in Tennessee, and he so notified the Hills. On March 17, the insurance carrier notified Mr. Greene that their offer to settle would be withdrawn unless accepted within 10 days, and also informed him that the personal injury claim was barred. The Hills then signed a release and settled the claims for the $562.39 and $300. They now seek damages from Greene for malpractice in allowing Mrs. Greene's claim to become barred by the Tennessee statute of limitation before filing suit on it.

Greene answered the suit, denying any malpractice and asserting that he had acted with the full knowledge and approval of the Hills in agreeing to accept the settlements offered by the company, and that the delay was not his fault. He attached all correspondence with the Hills, the insurance carrier and the Tennessee attorney to his answer, and moved for dismissal of the action.

Evidence was heard on the motion, treating it as for a summary judgment, and the motion was granted. *Held:*

Under the pleadings and the proof submitted in support of the motion the grant of a summary judgment for the defendant was proper. Plaintiffs made no countershowing. We find no error.

*Judgment affirmed. Bell, C. J., and Hall, P. J., concur. Whitman, J., not participating.*

SUBMITTED MAY 10, 1971—DECIDED OCTOBER 20, 1971—
REHEARING DENIED NOVEMBER 2, 1971.

James Hill, Myrtle Hill, *pro se.*

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Richard L. Stumm,* for appellee.